IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TAVON P. SINGLETARY,  *

   Petitioner,  *

v.  * CIVIL ACTION NO. JFM-16-3591

STATE OF MARYLAND, et al.,  *

   Respondents.  *

\*\*\*\*\*\*

## MEMORANDUM

On October 24, 2016, Tavon P. Singletary, filed the instant 28 U.S.C. § 2254 habeas corpus petition attacking his revocation of probation entered in the Circuit Court for Baltimore City.[1] ECF 1.[2] Respondents filed an Answer which solely addresses the timeliness the petition. ECF 5. Petitioner was advised of his opportunity to file a reply. ECF 6. This he has done. ECF 7. The court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2016); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons to follow, the petition will be denied and dismissed with prejudice.

---

[1] The petition, received on October 31, 2016, is dated October 24, 2016 and is deemed filed on that date. The "mail box rule" applies to prisoner § 2254 motions. *Houston v. Lack*, 487 U.S. 266 (1988). An inmate's petition is timely if deposited in the prison's internal mailing system on or before the last day for filing. Rule 3 (d) *Rules Governing Section 2254 Proceedings*.

[2] Citation is to the court's electronic docket.

1

## Procedural History

On April 12, 2011, the Circuit Court for Baltimore City revoked petitioner's probation in Case Number 19005007 and sentenced him to a ten year term of confinement. ECF 5-1, p. 7. . Petitioner filed a motion for reconsideration or modification of sentence which was denied on May 13, 2011. *Id.* 7. Petitioner's timely application for leave to appeal the judgment of the circuit court was summarily denied by the Court of Special Appeals. The court's mandate issued on April 9, 2012. *Id.*, p. 8; ECF 5-2. Petitioner did not seek further review in the Supreme Court. As such, his judgment became final for direct appeal purposes on July 9, 2012. *See* Sup. Ct. Rule 13.1. (requiring petition for writ of certiorari be filed within 90 days of the judgment from which review is sought).

On January 20, 2012,[3] petitioner submitted a collateral attack on his conviction by filing a petition for post conviction relief. ECF 5-1, p. 8. Petitioner's motion to withdraw the petition for post-conviction relief was granted on June 13, 2012. *Id.*, pp. 9-10.

Petitioner filed a motion for reconsideration of sentence on October 4, 2012, which was denied on October 11, 2012. *Id.*, p. 10.

On May 27, 2014, petitioner refiled a petition or post conviction relief which was denied on July 28, 2015. *Id.*, pp. 11-12 Petitioner's application for leave to appeal the denial of post-conviction relief was denied by the Court of Special Appeals of Maryland on with the court's mandate issuing on February 4, 2016. *Id.*, p. 15, ECF 5-3.

## Analysis

Title 28 U.S. C. ' 2244(d)[4] provides a one-year statute of limitations in non-capital cases

---

[3] It appears he filed a second petition on May 18, 2012. ECF 5-1, p. 9.

for those convicted in a state case. This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. '2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Gray v. Waters*, 26 F. Supp. 771, 771-72 (D. Md. 1998).

The statute of limitations began to run in petitioner's case on July 9, 2012, when his direct appeal concluded. Petitioner had no properly filed collateral proceedings until May 27, 2014, when he reinstituted state post-conviction proceedings. Accordingly, the statute of limitations for his federal habeas petition expired before petitioner re-instituted his state post-conviction proceedings and the instant petition is time barred under 28 U.S.C.§ 2244(d).

In *Holland v. Florida*, 560 U.S. 631 (2010), the Supreme Court concluded that equitable tolling applies to the AEDPA's statute of limitations. *Id.* at 633. The Court found that in order to

---

[4]This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. *Id.* at 649. The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *See Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).[5]

Petitioner offers no arguments in support of equitable tolling. Petitioner=s pro se status and any attendant lack of knowledge of the law is not the type of extraordinary circumstance which would justify equitable tolling. *See Barrow v. New Orleans S.S. Ass=n*, 932 F. 2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of petitioner=s unfamiliarity with the legal process or his lack of legal representation); *Rouse v. Lee*, 339 F.3d 238, 248-249 (4th Cir. 2003) (negligent mistake by party's counsel in interpreting AEDPA statute of limitations does not present extraordinary circumstances warranting equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir. 2000) (*pro se* status does not establish sufficient ground for equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 171-173 (5th Cir. 2000) (lack of notice of AEDPA amendments and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling); *Francis v. Miller*, 198 F.Supp.2d 232, 235 (E.D. N.Y. 2002) (ignorance of the law and legal procedure is not so exceptional as to merit equitable tolling). The court does not find petitioner entitled to equitable tolling. Therefore, the petition shall be dismissed as time-barred under 28 U.S.C. ' 2244(d).

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254 "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant…If the court issues a certificate, the court must state the specific

---

[5] *See also Lusk v. Ballard*, 2010 WL 3061482 (N.D.W. Va. 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in *Harris*, remains virtually unchanged after *Holland*.)

issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Petitioner does not satisfy this standard, and the court declines to issue a certificate of appealability as required under the Rules Governing Section 2254 Petitions in the United States District Courts.

A separate order follows.

March 1, 2017
Date

J. Frederick Motz
United States District Judge